UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, 3900 Wisconsin Avenue, N.W. Washington, D.C. 20016, | Case No.:      1:10-cv-01775 HHK Assigned To:  Kennedy, Henry H. Assign Date:  10/20/2010 Description:   Contract |

*Plaintiff*,

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, (CONSISTING OF PEMBROKE 4000, CATLIN 2003, CANOPIUS 4444, and IMAGINE 1400)
One Lime Street
London, England EC3M 7HA

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

      Serve:
      Sedgwick, Detert, Moran & Arnold LLP
      125 Broad Street, 39th Floor
      New York, NY  10041

FEDERAL INSURANCE COMPANY
15 Mountain View Road
Warren, NJ 07061-1615,

CONTINENTAL INSURANCE COMPANY
333 South Wabash Avenue
Chicago, Illinois 60604,

ST. PAUL MERCURY INSURANCE COMPANY
385 Washington Street
St. Paul, Minnesota55102-1396

U.S. SPECIALTY INSURANCE COMPANY
13403 Northwest Freeway
Houston, Texas 77040

GREAT AMERICAN INSURANCE COMPANY
580 Walnut Street
Cincinnati, Ohio 45202,

ZURICH AMERICAN INSURANCE
COMPANY
1400 American Lane
Schaumburg, Illinois 60196-5452,

LIBERTY MUTUAL INSURANCE
COMPANY
175 Berkeley Street
Boston, Massachusetts 02116,

*and*

FIDELITY & DEPOSIT COMPANY OF
MARYLAND
1400 American Lane
Schaumberg, Illinois 60196-5452,

*Defendants*.

## ANSWER TO AMENDED COMPLAINT

Defendants Those Certain Underwriters at Lloyd's, London Severally Subscribing to Policy Nos. FD0805034, FD0805600 and FD0805601, named in the Amended Complaint as Certain Underwriters at Lloyd's London (CONSISTING OF PEMBROKE 4000, CATLIN 2003, CANOPIUS 4444, and IMAGINE 1400) ("Underwriters") respond to the Amended Complaint ("Complaint) filed by Plaintiff Federal National Mortgage Association ("Fannie Mae") as follows:

## NATURE OF ACTION

1.      Underwriters admit that Policy No. FD0805034 (severally subscribed to by Certain Underwriters at Lloyd's, London through syndicates Pembroke 4000, Catlin 2003, Canopius 4444 and Lloyd's Syndicate 1400, formerly known as Imagine 1400), Policy No. FD0805600 (severally subscribed to by Certain Underwriters at Lloyd's, London through syndicates Pembroke 4000 and Catlin 2003) and Policy No. FD0805601 (severally subscribed to by Certain Underwriters at Lloyd's, London through syndicates Pembroke 4000, Catlin 2003 and

Lloyd's Syndicate 1400, formerly known as Imagine 1400) were issued to Fannie Mae. Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  To the extent paragraph 1 purports to generally characterize and/or summarize the allegations in the Complaint, Underwriters respond that the Complaint speaks for itself and that no response is required.  Except as expressly admitted, Underwriters deny any remaining allegations set forth in Paragraph 1 of the Complaint.

2.      To the extent paragraph 2 attempts to summarize Fannie Mae's business activities, Underwriters lack sufficient information or belief to admit or deny such allegations and on that basis deny them.  Underwriters further admit that the insurance policies referred to speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Underwriters also deny any remaining allegations set forth in paragraph 2 of the Complaint.

3.      Upon information and belief, Underwriters admit that in or about 1996, US Mortgage entered into a Mortgage Selling and Servicing Contract with Fannie Mae. Underwriters further admit that the contract speaks for itself.  Upon information and belief, Underwriters further admit that US Mortgage sold approximately 544 loans to Fannie Mae on behalf of various credit unions, which are the subject of ownership disputes between Fannie Mae and those various credit unions ("Subject Loans").  Upon information and belief, Underwriters admit that Fannie Mae and the credit unions allege that US Mortgage engaged in various wrongful practices in the sale of at least some of the Subject Loans.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 3 of the Complaint and on that basis deny them.

4.      Underwriters admit that to date Fannie Mae has not yet presented Underwriters with facts or allegations that would establish coverage in excess of the deductible for alleged losses that Fannie Mae has or may sustain as a result of US Mortgage's alleged wrongful

practices in the sale of the Subject Loans to Fannie Mae.  Except as expressly admitted, Underwriters deny the allegations set forth in paragraph 4 of the Complaint.

5.       To the extent paragraph 5 purports to generally characterize and/or summarize the allegations in the Complaint, Underwriters respond that the Complaint speaks for itself and no response is required.  Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 5 of the Complaint and on that basis deny them.

## PARTIES

6.       Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 6 of the Complaint and on that basis deny them.

7.       Underwriters admit that Policy No. FD0805034 (severally subscribed to by Certain Underwriters at Lloyd's, London through syndicates Pembroke 4000, Catlin 2003, Canopius 4444 and Lloyd's Syndicate 1400, formerly known as Imagine 1400), Policy No. FD0805600 (severally subscribed to by Certain Underwriters at Lloyd's, London through syndicates Pembroke 4000 and Catlin 2003) and Policy No. FD0805601 (severally subscribed to by Certain Underwriters at Lloyd's, London through syndicates Pembroke 4000, Catlin 2003 and Lloyd's Syndicate 1400, formerly known as Imagine 1400) were issued to Fannie Mae. Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Underwriters further admit that the Managing Agents for syndicates Pembroke 4000, Catlin 2003, Canopius 4444 and Lloyd's Syndicate 1400, formerly known as Imagine 1400, have their headquarters and principal place of business in the United Kingdom. Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 7 of the Complaint and on that basis deny them.

8.       Underwriters admit that Defendant Federal Insurance Company is the insurance company that issued policy nos. 82126614, 82126612, 82126611 and 82126613.  Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a

whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 8 of the Complaint and on that basis deny them.

9.      Underwriters admit that Defendant Continental Insurance Company is the insurance company that issued policy nos. 287042010, 287145959 and 268121289. Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 9 of the Complaint and on that basis deny them.

10.      Underwriters admit that Defendant St. Paul Mercury Insurance Company is the insurance company that issued policy nos. 490PB1941 and 490PB1942.  Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 10 of the Complaint and on that basis deny them.

11.      Underwriters admit that Defendant U.S. Specialty Insurance Company is the insurance company that issued policy nos. H7-08-45008 and H7-08-45009.  Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 11 of the Complaint and on that basis deny them.

12.      Underwriters admit that Defendant Great American Insurance Company is the insurance company that issued policy nos. FS 524-51-00-06 and FS 234-61-15-01.  Underwriters further admit that these insurance policies speak for themselves, are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a

whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 12 of the Complaint and on that basis deny them.

13.     Underwriters admit that Defendant Zurich American Insurance Company is the insurance company that issued policy no. FID 967488902.  Underwriters further admit that this insurance policy speaks for itself, is governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 13 of the Complaint and on that basis deny them.

14.     Underwriters admit that Defendant Liberty Mutual Insurance Company is the insurance company that issued policy no. F14N4663690003.  Underwriters further admit that this insurance policy speaks for itself, is governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 14 of the Complaint and on that basis deny them.

15.     Underwriters admit that Defendant Fidelity & Deposit Company of Maryland is the insurance company that issued policy no.FIB 0006471 02.  Underwriters further admit that this insurance policy speaks for itself, is governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 15 of the Complaint and on that basis deny them.

<u>JURISDICTION AND VENUE</u>

16.     Underwriters admit the allegations in Paragraph 16 of the Complaint.

17.     Underwriters admit that Fannie Mae's Complaint includes a Count One for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202.  Underwriters admit that this appears to be a case of actual controversy within this Court's jurisdiction.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 17 of the Complaint and on that basis deny them.

18.     Underwriters admit that the amount in controversy exceeds $75,000 and that Fannie Mae is a citizen of the District of Columbia.  Except as admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 18 of the Complaint and on that basis deny them.

19.     Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 19 of the Complaint and on that basis deny them.

20.     Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 20 of the Complaint and on that basis deny them.

## GENERAL ALLEGATIONS

21.     Upon information and belief, Underwriters admit that in or about 1996, US Mortgage entered into a Mortgage Selling and Servicing Contract with Fannie Mae. Underwriters further admit that the contract speaks for itself.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 21 of the Complaint and on that basis deny them.

22.     Upon information and belief, Underwriters admit that US Mortgage, through a subsidiary, CU National, entered into various written agreements with various credit unions, under which CU National provided some loan-related services.  Upon information and belief, Underwriters further admit that CU National sold mortgage loans from various credit unions to Fannie Mae.  Except as expressly admitted or denied, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 22 of the Complaint and on that basis deny them.

23.     Underwriters admit that in or about January 2009, the FBI executed a search warrant on the corporate offices of US Mortgage.  Underwriters admit that on or about June 11, 2009, the United States Attorney for the District of New Jersey filed a criminal information charging Michael J. McGrath ("McGrath"), U.S. Mortgage's President, with counts for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. Underwriters admit that on or about June 11, 2009, McGrath pled guilty to both counts as set

forth in the criminal information.  Underwriters further admit that the plea hearing took place on or about June 11, 2009.  Underwriters further admit that the criminal information and the certified hearing transcript for the plea hearing speak for themselves.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 23 of the Complaint and on that basis deny them.

24.     Paragraph 24 appears to assert a legal conclusion which is not based on any particular facts at issue herein, such that no response is required.  However, if or to the extent a response is required, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in paragraph 24 of the Complaint and on that basis deny them.

25.     Underwriters admit that on or about June 11, 2009, the United States Attorney for the District of New Jersey filed a criminal information charging McGrath, U.S. Mortgage's President, with counts for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering.  Underwriters admit that on or about June 11, 2009, McGrath pled guilty to both counts as set forth in the criminal information.  Underwriters further admit that a plea hearing took place on or about June 11, 2009.  Underwriters further admit that the criminal information and the certified hearing transcript for the plea hearing speak for themselves.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 25 of the Complaint and on that basis deny them.

26.     Underwriters admit that on or about June 11, 2009, the United States Attorney for the District of New Jersey filed a criminal information charging McGrath, U.S. Mortgage's President, with counts for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering.  Underwriters admit that on or about June 11, 2009, McGrath pled guilty to both counts as set forth in the criminal information.  Underwriters further admit that a plea hearing took place on or about June 11, 2009.  Underwriters further admit that the criminal information and the certified hearing transcript for the plea hearing speak for themselves.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 26 of the Complaint and on that basis deny them.

27.     Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 27 of the Complaint and on that basis deny them.

28.     Underwriters admit that on or about June 11, 2009, the United States Attorney for the District of New Jersey filed a criminal information charging Michael J. McGrath, U.S. Mortgage's President, with counts for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering.  Underwriters admit that on or about June 11, 2009, Michael J. McGrath pled guilty to both counts as set forth in the criminal information.  Underwriters further admit that a plea hearing took place on or about June 11, 2009.  Underwriters further admit that the criminal information and the certified hearing transcript for the plea hearing speak for themselves.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 28 of the Complaint and on that basis deny them.

29.     Underwriters deny each and every allegation in paragraph 29 of the Complaint.

30.     Underwriters admit that on or about June 11, 2009, the United States Attorney for the District of New Jersey filed a criminal information charging Michael J. McGrath, U.S. Mortgage's President, with counts for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering.  Underwriters admit that on or about June 11, 2009, Michael J. McGrath pled guilty to both counts as set forth in the criminal information.  Underwriters further admit that a plea hearing took place on or about June 11, 2009.  Underwriters further admit that the criminal information and the certified hearing transcript for the plea hearing speak for themselves.  Except as expressly admitted or denied, Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 30 of the Complaint and on that basis deny them.

31.     Underwriters deny that Fannie Mae first learned of McGrath's and/or US Mortgage's fraud in late January 2009.  Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 31 of the Complaint and on that basis deny them.

32.     Upon information and belief, Underwriters admit that 25 credit unions dispute ownership of the Subject Loans that US Mortgage sold to Fannie Mae on the credit unions' behalf . Underwriters further admit that three credit unions, Picatinny Federal Credit Union ("Picatinny"), Suffolk Federal Credit Union ("Suffolk") and Sperry Associates Federal Credit Union ("Sperry"), have filed suit against Fannie Mae. Underwriters further admit that Fannie Mae has sued Proponent Federal Credit Union ("Proponent"). Underwriters further admit that the complaints filed by Picatinny, Suffolk, Sperry and Fannie speak for themselves. Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 32 of the Complaint and on that basis deny them.

33.     Underwriters admit that three credit unions, Picatinny, Suffolk and Sperry, have filed suit against Fannie Mae. Underwriters further admit that the complaints filed by Picatinny, Suffolk, Sperry and Fannie speak for themselves. Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 33 of the Complaint and on that basis deny them.

34.     Underwriters admit that Fannie Mae has asserted that it is the holder in due course of the Subject Loans. Except as expressly admitted, Underwriters deny the allegations set forth in paragraph 34 of the Complaint.

35.     Underwriters admit that Fannie Mae has engaged in settlement efforts with most of the credit unions, has reached settlements with certain credit unions, and has provided some limited information to Underwriters concerning such settlement discussions. Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 35 of the Complaint and on that basis deny them.

36.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole, and speak for themselves. Except as expressly admitted, Underwriters lack sufficient information or

belief to admit or deny any remaining allegations set forth in Paragraph 36 of the Complaint and on that basis deny them.

37.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole, and speak for themselves.  Underwriters further admit that that policy No. FD0805034 is the primary policy.  Underwriters deny that Exhibit 1 to the Complaint is a true and correct copy of Policy No. FD0805034.  Except as expressly admitted or denied, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 37 of the Complaint and on that basis deny them.

38.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole and speak for themselves.  Except as expressly admitted, Underwriters deny any remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole and speak for themselves.  Except as expressly admitted, Underwriters deny any remaining allegations set forth in Paragraph 39 of the Complaint.

40.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole and speak for themselves.  Except as expressly admitted, Underwriters deny any remaining allegations set forth in Paragraph 40 of the Complaint.

41.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions,

limitations and exclusions contained therein, and must be read and construed as a whole and speak for themselves.  Except as expressly admitted, Underwriters deny any remaining allegations set forth in Paragraph 41 of the Complaint.

42.     Underwriters admit that Policy Nos. FD0805034, FD0805600 and FD0805601 as well as the policies issued by the co-defendants are governed by the terms, conditions, limitations and exclusions contained therein, and must be read and construed as a whole and speak for themselves.  Except as expressly admitted, Underwriters deny any remaining allegations set forth in Paragraph 42 of the Complaint.

43.     Underwriters deny each and every allegation in paragraph 43.

44.     Underwriters deny each and every allegation in paragraph 44.

45.     Underwriters deny that Fannie Mae has incurred covered loss in excess of the deductible.

46.     Underwriters admit that on or about February 13, 2009, Fannie Mae, through Aon Risk Services, sent a letter to David Nayler, c/o Pembroke-Syndicate 4000, which appears to have been copied to the other insurer defendants in this action.  To the extent paragraph 46 quotes or refers to statements made in the February 13, 2009 letter, Underwriters admit that the document speaks for itself.  Except as expressly admitted, Underwriters deny any remaining allegations in paragraph 46.

47.     Underwriters admit that on or about August 7, 2009, Fannie Mae submitted a purported Proof of Loss to Defendants.  To the extent paragraph 47 quotes or refers to statements made in the Proof of Loss, Underwriters admit that the document speaks for itself.  Except as expressly admitted, Underwriters deny any remaining allegations in paragraph 47.

48.     Underwriters admit that Fannie Mae provided some information to them concerning its claims in one in-person meeting, as well as some conference calls and other communications.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 48 of the Complaint and on that basis deny them.

49.     Underwriters admit that Fannie Mae has asserted that it is entitled to coverage under Insuring Agreement (I), subparagraph (a) of Section I of the policies subscribed to by Underwriters.  Except as expressly admitted, Underwriters lack sufficient information or belief to admit or deny any remaining allegations set forth in Paragraph 49 of the Complaint and on that basis deny them.

50.     Underwriters admit that they have communicated to Fannie Mae that, based upon the information provided by Fannie Mae to date, Fannie Mae has failed to establish coverage for the Subject Loans under the policies subscribed to by Underwriters which would exceed the $15 million deductible and, in addition, that certain exclusions may further apply to bar coverage for Fannie Mae's claims.  Among other things, Underwriters notified Fannie Mae that Fannie Mae has not established that it acted in good faith and consistent with commercially reasonable standards in its purchase of the Subject Loans, nor has Fannie Mae established that its purchase of the Subject Loans involved stolen original mortgages as required by subparagraph (a) of Insuring Agreement (I) [Forged and Fraudulent Mortgages] of Section 1 [Financial Institution Bond] of the policies subscribed to by Underwriters.  Except as expressly admitted or denied, Underwriters deny the allegations in paragraph 50.

51.     Underwriters admit that they have advised Fannie Mae that coverage would be implicated under Insuring Agreement (D) [Forgery or Alteration] of Section I [Financial Institution Bond] of the policies subscribed to by Underwriters for certain Subject Loans if and to the extent Fannie Mae establishes that promissory notes bear a "forged" signature of a credit union employee or officer, or a borrower (pursuant to the definition of Forgery in the policies subscribed to by Underwriters), subject to application of the $15 million deductible.  Except as expressly admitted, Underwriters deny the allegations in paragraph 51.

52.     Underwriters admit that they have, at times, communicated with other defendants subject to a joint defense agreement.  Except as expressly admitted or denied, Underwriters deny any remaining allegations set forth in Paragraph 52.

53.     Underwriters lack sufficient information or belief to admit or deny the allegations set forth in Paragraph 53 of the Complaint and on that basis deny them.

54.     Underwriters deny the allegations in paragraph 54.

## COUNT ONE: DECLARATORY JUDGMENT

55.     Underwriters incorporate by reference their responses to Paragraphs 1 through 54 as if fully set forth herein.

56.     Underwriters admit that an actual and justifiable controversy exists between Fannie Mae and Underwriters concerning Fannie Mae's contention that the policies subscribed to by the defendants should cover Fannie Mae's alleged losses resulting from US Mortgage's alleged fraud.  Except as expressly admitted, Underwriters deny any allegations in paragraph 56.

57.     Underwriters admit that Fannie Mae requests a declaration regarding the existence of coverage under the policies issued by the defendants for its claimed losses.  Except as expressly admitted, Underwriters deny the allegations in paragraph 57.

## COUNT TWO: BREACH OF CONTRACT

58.     Underwriters incorporate by reference their responses to Paragraphs 1 through 57 as if fully set forth herein.

59.     Underwriters admit that they have received all premiums due them under Policy Nos. FD0805034, FD0805600 and FD0805601.  Underwriters lack sufficient information or belief to admit or deny whether the other defendants have received all premiums due them, and on that basis deny such allegations.  Except as expressly admitted, Underwriters deny the allegations in paragraph 59.

60.     Underwriters deny each and every allegation in paragraph 60.

61.     Underwriters deny each and every allegation in paragraph 61.

62.     Underwriters deny each and every allegation in paragraph 62.

63.     Underwriters deny each and every allegation in paragraph 63.

64.     Underwriters deny each and every allegation in paragraph 64.

## RESPONSE TO PRAYER OF COMPLAINT

65.     With regard to the prayer of the Complaint, Underwriters deny that Fannie Mae is entitled any of the forms of relief or remedies sought against Underwriters, or to any other form of relief or remedy that may be sought against Underwriters.

## AFFIRMATIVE DEFENSES

66.     Underwriters assert affirmative defenses to the Complaint as set forth below.  By alleging the matters set forth in these affirmative defenses, Underwriters do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of those matters.

## FIRST AFFIRMATIVE DEFENSE

67.     The Complaint fails to allege facts sufficient to state a cause of action against Underwriters.

## SECOND AFFIRMATIVE DEFENSE

68.     Coverage for the losses claimed by Fannie Mae is barred, in whole or in part, based upon the terms of the policies subscribed to by Underwriters, including, but not limited to, the coverages, limits, deductibles, retentions, exclusions, endorsements, conditions, and any and all other terms set forth therein.

## THIRD AFFIRMATIVE DEFENSE

69.     Fannie Mae's claims are barred, in whole or in part, to the extent that Fannie Mae has failed to perform its obligations under the terms and conditions of the policies subscribed to by Underwriters and/or has not complied with all conditions precedent or subsequent to coverage under the policies subscribed to by Underwriters.

## FOURTH AFFIRMATIVE DEFENSE

70.     Fannie Mae's claims are barred, in whole or in part, to the extent that the liabilities alleged against Fannie Mae by the credit unions or established against Fannie Mae by the credit unions do not fall within the Insuring Agreements of the policies subscribed to by Underwriters.

### FIFTH AFFIRMATIVE DEFENSE

71.     Fannie Mae's claims are barred, in whole or in part, to the extent that Fannie Mae is not found legally obligated to pay with respect to the liabilities alleged by the credit unions.

### SIXTH AFFIRMATIVE DEFENSE

72.     To the extent Fannie Mae seeks coverage for its claimed losses under Insuring Agreements (I) or (E) of Section I of the policies subscribed to by Underwriters, coverage is barred under the preamble to Insuring Agreements (I) and (E) because Fannie Mae did not act in good faith and in the ordinary course of business in purchasing the Subject Loans from US Mortgage.

### SEVENTH AFFIRMATIVE DEFENSE

73.     Fannie Mae has failed to establish coverage for its claimed losses under Insuring Agreement (I) [Forged and Fraudulent Mortgages], subparagraph (a) of Section I of the policies subscribed to by Underwriters because, among other things, the original mortgages for the Subject Loans were not stolen, and no other bases for coverage under Insuring Agreement (I) [Forged and Fraudulent Mortgages], subparagraph (a) have been established.

### EIGHTH AFFIRMATIVE DEFENSE

74.     Fannie Mae has failed to establish coverage for its claimed losses under Insuring Agreement (I) [Forged and Fraudulent Mortgages], subparagraph (a) of Section I of the policies subscribed to by Underwriters because exclusion (a) and/or exclusion (b) in the Insuring Agreement apply to preclude coverage for such losses.

### NINTH AFFIRMATIVE DEFENSE

75.     Fannie Mae has failed to establish coverage for its claimed losses under subparagraphs (b) through (h) of Insuring Agreement (I) [Forged and Fraudulent Mortgages] of Section I of the policies subscribed to by Underwriters.

### TENTH AFFIRMATIVE DEFENSE

76.     To the extent Fannie Mae seeks coverage under Insuring Agreement (G) [Claim and Audit Expense] of Section I of the policies subscribed to by Underwriters for fees and

expenses incurred to pay outside accountants, coverage is barred because Fannie Mae has not satisfied the requirements of coverage under this insuring agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

77.     To the extent Fannie Mae seeks coverage under General Agreement (F) [Court Costs and Attorneys' Fees] of Section I of the policies subscribed to by Underwriters for defense costs and fees in connection with litigation with credit unions, coverage is barred because Fannie Mae has not satisfied the requirements of coverage under this provision.

## TWELFTH AFFIRMATIVE DEFENSE

78.     Upon information and belief, Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.     Upon information and belief, Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.     Upon information and belief, Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel and issue preclusion.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.     Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, to the extent that it failed to mitigate, minimize or avoid any damages that it allegedly sustained.

## SIXTEENTH AFFIRMATIVE DEFENSE

82.     Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, to the extent that unreasonable or unnecessary costs were expended.

### SEVENTEENTH AFFIRMATIVE DEFENSE

83.     Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, or subject to offset, to the extent that Fannie Mae has received reimbursement by any other party and/or insurer, with respect to any loss, injury or damage for which it seeks coverage from Underwriters.

### EIGHTEENTH AFFIRMATIVE DEFENSE

84.     Fannie Mae's claims for loss under the policies subscribed to by Underwriters are barred, in whole or in part, to the extent that Fannie Mae impaired Underwriters' rights of subrogation or contribution.

### NINETEENTH AFFIRMATIVE DEFENSE

85.     To the extent that Fannie Mae seeks coverage for its claimed losses under Insuring Agreements (A) [Fidelity], (B) [On Premises], (C) [In Transit], (E) [Securities], (F) [Counterfeit Currency], (H) [Servicing Contractors] and/or (J) [Facsimile Signatures] of Section I of the policies subscribed to by Underwriters, coverage is barred because Fannie Mae has not satisfied the requirements of coverage under such Insuring Agreements.

### TWENTIETH AFFIRMATIVE DEFENSE

86.     One or more exclusions in Section I of the policies subscribed to by Underwriters preclude coverage for part or all of the losses claimed by Fannie Mae, including but not limited to exclusions (a) and (e).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

87.     Underwriters at all times have acted reasonably, in good faith and have dealt fairly with Fannie Mae in connection with the matters alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

88.     Upon information and belief, all or part of the losses claimed by Fannie Mae in the Complaint were proximately caused and contributed, in whole or in part, by the fault of other parties for whose conduct Underwriters are not responsible under the policies subscribed to by

Underwriters.  The fault of all responsible persons, whether or not named as parties herein, must be apportioned, and any recovery against Underwriters must be reduced thereby.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

89.     To the extent Fannie Mae makes or has made any payments, assumed any obligation, or incurred any expense with respect to the claims made against Underwriters in this case, without the consent of Underwriters, and except as permitted by said policies, the claims or alleged causes of action embodied in the Complaint are barred in whole or in part.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

90.     The Complaint, and each and every cause of action alleged against Underwriters in the Complaint, fails to allege facts sufficient to state a claim for which attorney's fees may be awarded against Underwriters.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

91.     Underwriters reserve the right to assert additional defenses ascertained through discovery or otherwise, together with any and all other rights, remedies and defenses under the policies subscribed to by Underwriters and applicable law.

### PRAYER FOR RELIEF

WHEREFORE, Underwriters pray for judgment against Fannie Mae as follows:

A.     That Fannie Mae take nothing by the Complaint and that judgment be entered in favor of Underwriters.

B.     That Underwriters be awarded reasonable attorneys' fees incurred in connection with this lawsuit.

C.      That Underwriters be awarded costs of suit.

D.      For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

By:_____/s/ *Frederick D. Baker*_____

Frederick D. Baker (D.C. Bar No. 394892)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: (415) 781-7900
Fax: (415) 781-2635
frederick.baker@sdma.com

Dated:  December 22, 2010          *Counsel for Defendants Those Certain Underwriters at Lloyd's, London subscribing to Policy Nos. FD0805034, FD0805600, and FD0805601, erroneously sued as Certain Underwriters at Lloyd's, London (Consisting of Pembroke 4000, Catlin 2003, Canopius 4444, and Imagine 1400)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>       *Plaintiff*,<br><br>   v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al.<br><br>       *Defendants*. | Case No.:   1:10-cv-01775 HHK<br>Assigned To: Kennedy, Henry H.<br>Assign Date:  10/20/2010<br>Description:   Contract |

## **DEMAND FOR JURY TRIAL**

Underwriters hereby demand a trial by jury of all issues triable before a jury.

Respectfully Submitted,

By:_____/s/ *Frederick D. Baker*_____

Frederick D. Baker (D.C. Bar No. 394892)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: (415) 781-7900
Fax: (415) 781-2635
frederick.baker@sdma.com

Dated:  December 22, 2010

*Counsel for Defendants Those Certain Underwriters at Lloyd's, London subscribing to Policy Nos. FD0805034, FD0805600, and FD0805601, erroneously sued as Certain Underwriters at Lloyd's, London (Consisting of Pembroke 4000, Catlin 2003, Canopius 4444, and Imagine 1400)*

1